The Gulf, Colorado & Santa Fe Railway Company
v. P. N. Ions et al.

No. 251.

1. **Liability of Railway for Baggage of Passenger.** — The baggage of a passenger, although checked through to the destination, is subject to the contract for carriage made by the passenger with the railway company, and this is so although the baggage master at the beginning point of the journey exacted payment for extra weight of baggage before he would check the baggage.

2. **Extra Baggage.**—All tickets for passage on railways are bought with the knowledge that under the laws of Texas the railway company has the right to exact pay for extra weight of all baggage over 100 pounds. A demand for and the receipt of pay for the extra baggage is neither a violation, change, nor a substitute for the original contract made in the purchase of the ticket.

Appeal from Tom Green. Tried below before Hon. J. W. Timmins.

*J. W. Terry*, for appellant.—The ticket, which constituted the contract of carriage, restricted the defendant's liability to its own line, and it was not liable for loss after delivery in good order to its connecting line. The mere fact that the plaintiff's baggage weighed more than the amount ordinarily permitted to be carried without extra charge, and that an extra

charge was collected for the excess in weight, does not change the rule. Appellant would only be liable beyond its own road when it assumes such liability by contract, express or implied. The face of the ticket restricted liability to its own line, and there were no facts before the court which justified it in finding that the defendant assumed such liability, or ever intended to be liable for the baggage beyond its own line. Harris v. Howe, 74 Texas, 534; Auerbach v. Railway, 89 N.Y., 281; Pa. Co. v. Hine, 41 Ohio St., 276; Hutch. on Carr., secs. 152, 577, 578; Thomp. on Pass. Carr., 433; Ellsworth v. Tartt, 26 Ala., 733; Milnor v. Railway, 53 N.Y., 363; Kessler v. Railway, 81 N. Y., 538; Knight v. Railway, 56 Me., 240; Furstenheim v. Railway, 9 Heisk., 238; Railway v. Sprayberry, 9 Heisk., 852; Sprague v. Smith, 29 Vt., 421; Hartan v. Railway, 114 Mass., 44; Felder v. Railway, 21 S. C., 35; Railway v. Culver, 75 Ala., 587.

No brief for appellee reached the Reporter.

L. J. STOREY, Sr., SPECIAL JUDGE. — Appellee P. N. Ions and his wife, Maria L. Ions, brought this suit in the District Court of Tom Green County to recover of appellant the value of certain jewelry and other property alleged to have been extracted from a trunk while in transit from San Angelo, Texas, to Waynesborough, Virginia, as the baggage of appellee Maria L. Ions. The case was tried without a jury, and the court rendered judgment for appellees for $626.

A motion for a new trial was overruled by the court below, and appellant brings the case to this court by appeal, and asks that the judgment be reversed and here rendered for appellant.

The judge in the court below filed his conclusions as to the law and facts of the case, as follows, viz.:

"1. That on September 3, 1889, plaintiff Mrs. Ions, through her husband, purchased from defendant a ticket entitling her to passage on defendant's road and connecting lines from San Angelo, Texas, to Waynesborough, Virginia, and that Mrs. Ions signed a contract printed on said ticket, which said contract contained this clause: 'In selling this ticket this company acts as agent, and is not responsible beyond its own line.'

"2. That after the purchase of said ticket and the signing of said contract as aforesaid, plaintiff delivered her trunk to the defendant's agent, and asked that same be checked to said Waynesborough, which was refused by said agent until plaintiff had paid to defendant $3.30 as charges for extra weight of said trunk, and upon payment by plaintiff of said $3.30 said trunk was checked by defendant to said Waynesborough.

"3. That before said trunk reached said Waynesborough, but after it had left defendant's road, the goods described in plaintiff's petition were lost or stolen, and said goods at the time were reasonably worth the sum of $626.

"While a railroad may limit its liability to its own line, in order to do so it must clearly show a contract to that effect, which in this case, in the opinion of the court, it has failed to do; and further, under the facts in this case, the contract to carry baggage and that printed on the ticket were separate and distinct. Where a railroad gives through bills of lading (and in this case the check was suchsbill of lading), and does not limit its liability to its own line by express contract, and the goods are lost or injured in transit, the road is liable, although the loss or injury in transit did not occur on its own line."

In finding the facts in the case, the court did not enumerate all of the undisputed facts found in the record. The eighth paragraph of the contract printed on the ticket, and signed by Mrs. Ions, is as follows, viz.: "8. Baggage liability limited to wearing apparel not exceeding $100 in value;" and that this ticket was over defendant's road from San Angelo to Paris, Texas, and from thence over other lines to Virginia.

The court below found that there were two contracts made by and between plaintiffs and defendant on the 3rd of September; one as contained in and printed on the ticket, and the other for the transportation of the trunk, and for which defendant gave plaintiffs a bill of lading evidenced only by the usual baggage check, delivered to appellee Mrs. Ion when she took the train at San Angelo, and upon which train the trunk was shipped as her baggage.

We do not believe that the conclusion of the court upon this point is sustained by the facts. Plaintiffs bought the ticket and sent the trunk to the depot. Then followed plaintiffs, and requested the baggage master to check the trunk through to Virginia, evidently over the identical line named in the ticket. The request was not to express or ship as freight, but to check as baggage belonging to some person who had a ticket, and whose right it was by virtue of the ticket to have 100 pounds of baggage checked through free of charge. Rev. Stats., art. 4258b, 9.

Then it was that the baggage master informed plaintiff that he could not check it through unless $3.30 was paid for extra weight; not for the entire weight, but for the extra weight over and above that permitted or required to go free with every passenger who buys a ticket. Did not both plaintiffs and the defendant's agents at the time understand that this trunk contained the baggage of Mrs. Ions, to be shipped with her on this journey? Most assuredly they did so understand each other.

Again, when we look at plaintiffs' petition, we find from beginning to end that but one contract is named; and after the allegations relative to the purchase of the ticket on the 3rd day of September, 1889, the petition declares, that the baggage—*this trunk*—was delivered to defendant under said contract, and that defendant forwarded said trunk on its way to Waynesborough under said contract.

There was no separate and distinct contract from that named in the ticket. But only an additional consideration demanded and paid for the extra weight of the baggage, not known to exist when the ticket was sold.

All tickets for passage on railroads are bought with the knowledge, that under the laws of Texas the railway company has the right to pay for extra weight of all baggage over 100 pounds, and a demand for and the receipt of pay for the extra baggage is neither a violation, change, nor substitute of the original contract made in the purchase of the ticket. Doubtless the attention of the learned judge who tried the case was not called to the allegations of the petition upon this point.

As there is no doubt as to the right of the railway company to limit its liability to its own line in this case; and as it is admitted that the loss did not take place on appellant's road, the judgment is reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered June 28, 1893.

Chief Justice Fisher did not sit in this case.  Court—Judges Collard and Key, and Special Judge L. J. Storey, Sr.